IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAURA FRANKLIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action Number: 3:08-cv-1031-M |
| AT&T CORPORATION, | § | |
| METROPOLITAN LIFE INS. CO., | § | |
| AT&T LONG TERM DISABILITY PLAN | § | |
| FOR MANAGEMENT EMPLOYEES, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Metropolitan Life Insurance Company's Motion to Dismiss [Docket Entry #9]. For the reasons stated below, the Motion is **DENIED**.

*Background*

According to the Complaint, Plaintiff Laura Franklin ("Franklin") worked at AT&T Corporation ("AT&T") as a systems analyst and Senior Technical Staff Member from 1988 to 1999. Franklin suffers from multiple illnesses, including Crohn's disease, breast cancer, chronic nausea, and weakened bones. In 1999, Franklin applied to AT&T's Long Term Disability Plan for Management Employees ("the Plan") for long-term disability benefits. AT&T had previously contracted with Metropolitan Life Insurance Company ("MetLife") for MetLife to be the Plan's "Claims Administrator," delegating to MetLife the authority to "evaluate disabilities, resolve claims and appeals and administer the Plan on behalf of [AT&T]."[1] AT&T was ultimately responsible for paying benefits under the Plan, but MetLife was placed in charge of

---

[1] Defendant's App. at 13-14.

1

the evaluation of individual claims.

The Plan began paying Franklin benefits in or about February 2000, and continued to do so until late 2002. According to Franklin, her receipt of Plan benefits was conditioned on her applying for Social Security disability insurance benefits, and her promising to reimburse AT&T for any benefits paid to her again as a result of a successful Social Security disability benefits claim. Franklin applied for Social Security benefits, and, in August 2002, an Administrative Law Judge found that Franklin had been disabled since January of 1999, and was entitled to benefits under the Social Security Act. As a result of that ruling, MetLife demanded that Franklin reimburse $37,567.05 in claimed double payments, and she did so.

A few months after receiving the $37,567.05, MetLife wrote to Franklin, stating that it was reviewing her eligibility for continued Long-Term Disability benefits.[2] After corresponding with Franklin and her doctor, MetLife determined that Franklin was no longer eligible for long term disability benefits under the Plan. Franklin timely appealed the decision, and MetLife rejected the appeal. Franklin filed suit on June 19, 2008, claiming that AT&T, the Plan, and MetLife breached their contractual and fiduciary obligations to Franklin under the Plan and the Employee Retirement Income Security Act of 1974 ("ERISA").[3] Franklin seeks payment of benefits she claims were wrongfully denied, a declaration from the Court that she is disabled and entitled to benefits in the future, attorney's fees and interest. On July 25, 2008, MetLife moved to dismiss the claims brought against it under Federal Rule of Civil Procedure 12(b)(6).

*Legal Standard*

When considering a motion to dismiss, the Court accepts as true all well-pleaded facts,

---

[2] Complaint at 4.
[3] 29 U.S.C. § 1001, *et seq*.

and views them facts in the light most favorable to the plaintiff.[4] A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions; a formulaic recitation of the elements of a cause of action will not suffice.[5] The factual allegations must be sufficient to raise a non-speculative right to relief.[6] As the Supreme Court recently held, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face."[7] In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim.[8]

*Analysis*

MetLife argues that: (1) MetLife is not properly a defendant under Franklin's claims for benefits, and (2) Franklin's state law contract and breach of fiduciary duty claims are preempted by ERISA.

**1. Claim for Benefits**

Because Franklin seeks payment of individual plan benefits, MetLife urges that the claim is governed by 29 U.S.C. § 1132(a)(1)(B), and that MetLife is not a proper party under that statute. Although Franklin's Complaint does not invoke any specific section of ERISA, Franklin agrees in her response brief that her benefits claim is governed by 29 U.S.C. 1132(a)(1)(B). Franklin disagrees that MetLife is not a proper defendant; rather, she urges that MetLife has been properly sued as the plan administrator.

In *Bernstein v. Citigroup, Inc.*, this Court addressed a similar issue.[9] While noting that

---

[4] *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995).
[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007).
[6] *Id.* at 1965.
[7] *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008).
[8] *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).
[9] No. 3:06-CV-209-M, 2006 WL 2329385 at *7 (N.D. Tex. July 5, 2006).

the issue had not been directly addressed by the Fifth Circuit, this Court held that "a claim under § 1132(a)(1)(B) is not *per se* limited to plan defendants," and cited many decisions holding that plan administrators may also be sued under the statute.[10] This Court also noted that, in determining whether an entity is a plan administrator, "courts do not look to the legal status of an entity under §1002(16)(A); rather, they consider whether an entity actually controls administration of the plan."[11] It is the function of the entity acting in connection with an ERISA plan, not its nominal title, that determines whether it may be sued as a plan administrator.

In an appendix to her Response Brief, Franklin submitted the Plan document and MetLife's contract with AT&T governing its role as the Claims Administrator.[12] These documents state that MetLife, as the Claims Administrator has:

- "[T]he authority to evaluate disabilities, resolve claims and appeals and administer the Plan on behalf of the Company."[13]

- The sole authority to determine whether an employee is disabled under the plan.[14]

- The ability to deny benefits if the employee is not following "a course of treatment acceptable to the Claims administrator."[15]

- "[S]ole and complete discretionary authority to determine conclusively for all parties . . . any and all questions arising from administration of the Plan and interpretation of all Plan provisions . . . and eligibility for benefits, determination of all relevant facts, the amount and type of benefits payable . . . and construction of all terms of the Plan . . . ."[16]

---

[10] *See Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1199 (2d Cir. 1989) ("In a recovery of benefits claim, only the plan and administrators and trustees of the plan in their capacity as such may be held liable."); *Mitchell v. Eastman Kodak Co.*, 113 F.3d 433 (3d Cir. 1997) (entertaining a suit against the plan administrator to recover benefits pursuant to § 1132 (a)(1)(B)); *Hall v. LHACO*, Inc., 140 F.3d 1190, 1194 (8th Cir. 1998) ("[T]he proper party against whom a claim for ERISA benefits may be brought is the party that control administration of the plan.").
[11] *Bernstein* at *7, citing *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997); *Am. Med. Assoc. v. United Healthcare Corp.*, 00Civ.2800(LGG)(GWG), 2002 WL 31413668 at *6 (S.D.N.Y. Oct. 23, 2002) ("Insofar as any of the insurance company defendants in this action actually controlled the distribution of funds and decides whether or not to grant benefits under one of the plans, these entities may be sued as plan administrators.").
[12] MetLife does not contest the authenticity of either document.
[13] App. at 13-14.
[14] App. at 14.
[15] App. at 29.
[16] App. at 36-37.

- The responsibility for issuance of benefit checks.[17]

The agreement between MetLife and AT&T contemplates that MetLife may be sued in connection with its administration of benefits claims.[18] The agreement states that MetLife will defend AT&T in a suit over benefits under the Plan in which they are both defendants, and that MetLife is responsible for AT&T's legal costs in defending any such suit.[19]

AT&T's authorized activities with respect to the plan are the following:

- Through its Board of Directors, it "may amend, modify, or change the Plan at any time," and may terminate the Plan if it so chooses.[20]

- Has the "sole and complete discretionary authority to determine questions relating to eligibility of employees for membership in the Plan."[21]

- Sets minimum standards for MetLife's administration of claims.[22]

- Pays Plan benefits.[23]

MetLife makes two arguments: (1) that it is not a proper party because it is not responsible for the payment of Plan benefits, and (2) MetLife is not a plan administrator because AT&T is named in the Plan as the "Plan Administrator," while MetLife is designated the "Claims Administrator."

With respect to the first argument, this Court held in *Bernstein* that an entity that is functionally a plan administrator is a proper defendant in a Section 1132(a)(1)(B) suit.[24] An entity need not be responsible for payment of plan benefits in order to be a plan administrator. The situation here is almost identical to that in *Sleater v. Boy Scouts of America*, where another

---

[17] App. at 65.
[18] App. at 68-9.
[19] App. at 69.
[20] App. at 32, 37, 62.
[21] App. at 37.
[22] App. at 55-68.
[23] App. at 31.
[24] *Bernstein*, 2006 WL 2329385 at *7.

5

Court in this district held that a purported "claims administrator" was properly sued under § 1132(a)(1)(B), because it was responsible for "receiving, processing, investigating, and evaluating claims."[25] Here, the evidence shows that MetLife had substantial, if not total, responsibility in evaluating what benefits were payable under the Plan. As was true in *Bernstein*, Defendant "has not shown, beyond doubt, that Plaintiff could prove no set of facts that would show that Defendant controlled the administration of the plan."[26] Therefore, the Court will not now dismiss on that basis.

With regard to MetLife's second argument, the test used to determine whether an entity is a plan administrator is how the entity actually functions *vis-à-vis* the plan, not how that entity is denominated in the applicable documents. MetLife administered claims pursuant to its contractual relationship with AT&T, and the Court cannot now hold that MetLife did not act as plan administrator, although its designation was "Claims Administrator."

**2. State Law Preemption**

MetLife next argues that Franklin's state law breach of contract and breach of fiduciary duty claims are preempted by ERISA.[27] In her responsive Brief, Franklin states that she is not asserting state law claims for breach of contract or breach of fiduciary duty, and confirms that her claims are asserted only under ERISA. The Court regards that portion as a stipulation mooting the Motion to Dismiss any state law claims, which have not been asserted and will not be asserted.

---

[25] No. 3:01-CV-2097-G, 2002 WL 663563 at *3, n.3 (N.D. Tex. April 19, 2002) (Fish, C.J.).
[26] *Bernstein* at *7.
[27] Motion Brief at 5.

*Conclusion*

For the reasons stated above, MetLife's Motion to Dismiss is **DENIED**.

**SO ORDERED**.

December 9, 2008.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**